UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BATON ROUGE SHEET METAL　　　　　　　　　　CIVIL ACTION
WORKERS' LOCAL UNION #21
PENSION FUND

VERSUS

ANN E. PAUL　　　　　　　　　　　　　　　　NO: 21-00152-BAJ-EWD

<u>RULING AND ORDER</u>

Before the Court is the **Motion for Default Judgment (Doc. 21)** filed by the Baton Rouge Sheet Metal Workers' Local Union #21 Pension Fund. The Motion is unopposed. For the reasons stated herein, Plaintiff's Motion is **GRANTED IN PART**.

I. BACKGROUND

a. Alleged Facts

In its Complaint, Plaintiff asserts that Defendant Ann E. Paul received 143 monthly payments from Plaintiff to which she was not entitled. Plaintiff is a multi-employer employee benefit plan operated under the provisions of the Employee Retirement Income Security Act.

Plaintiff paid retirement benefits to Warren L. Gautreau, a former member of the Baton Rouge Sheet Metal Workers' Local Union #21, in the amount of $813.58. (Doc. 21, p. 2). Mr. Gautreua died in September 1993; thereafter, survivor's retirement benefits were paid by Plaintiff to Annabelle Elizabeth Gautreau, his

1

widow and surviving spouse, in the amount of $406.79[1]. *Id.* These payments were made to a J.P. Morgan Chase Bank, N.A. account ending in 36765. *Id.* at p. 3

In February 2020, Plaintiff sent a letter to Mrs. Gautreau. However, the letter was stamped "Return to Sender – Attempted – Not Known – Unable to Forward." *Id.* at p. 3. After some research Plaintiff discovered that Mrs. Gautreua died in April 2008. *Id.* Thereafter, Plaintiff issued a subpoena to J.P. Morgan Chase to determine the name of the account holder for the account ending in 36765. *Id.* J.P. Morgan Chase informed Plaintiff that Defendant Ann E. Paul was the account holder. *Id.* at p. 4

### b. Procedural History

On June 21, 2021, Plaintiff filed a First Amended Complaint asserting the same claims against Defendant Ann E. Paul. (Doc. 9). Defendant was served with the amended complaint on June 30, 2021. (Doc. 13). Defendant failed to answer the amended complaint. On October 20, 2021, Plaintiff filed its First Motion for Clerks Entry of Default as to Defendant. (Doc. 19). The Clerk of Court granted the motion. (Doc. 20). On November 8, 2021, Plaintiff subsequently filed its First Motion for Default Judgment as to Defendant. (Doc. 21).

### II. STANDARD OF REVIEW

The United States Court of Appeals for the Fifth Circuit has adopted a three-step process to obtain a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d

---

[1] Under the Baton Rouge Sheet Metal Workers' Pension Plan the surviving spouse of a retiree was entitled to receive 50% of monthly retirement benefits paid to the retiree until the spouse's death. (Doc. 21, p. 5)

2

137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is shown "by affidavit or otherwise." *See Id.*; *New York Life Ins. Co.*, 84 F.3d at 141. Third, a party may apply to the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.

After a motion for a default judgment is filed, the court must apply a two-part process to determine whether a default judgment should be entered. First, a court must consider whether the entry of default judgment is appropriate under the circumstances. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Several factors are relevant to this inquiry, including the following: (1) whether there are material issues of fact; (2) whether there has been substantial prejudice; (3) whether the grounds for default have been clearly established; (4) whether the default was caused by excusable neglect or good faith mistake; (5) the harshness of the default judgment; and (6) whether the court would think itself obliged to set aside the default on a motion by Defendant. Id. Default judgments are disfavored due to a strong policy in favor of decisions on the merits and against resolution of cases through default judgments. Id. Generally, default judgments are "available only when the adversary process has been halted because of an essentially unresponsive party." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (citation omitted).

Second, the Court must assess the merits of Plaintiff's claims and determine

whether Plaintiff has a claim for relief. *Hamdan v. Tiger Bros. Food Mart, Inc.*, No. CV 15-00412, 2016 WL 1192679, at *2 (M.D. La. Mar. 22, 2016).

## III. DISCUSSION

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Reyes*, 2020 WL 504659, at *2 (citing *Lindsey*, 161 F.3d at 893). Here, however, Plaintiff's Amended Complaint remains unanswered, the Clerk of Court has entered default, and Plaintiff has filed a motion for default judgment. Thus, the procedural requirements for default judgment have been satisfied, *New York Life*, 84 F.3d at 141, and the Court may turn to the merits of the Plaintiff's request. All *Lindsey* factors plainly favor entry of default judgment in Plaintiff's favor.

### a. Whether Default Judgment is Appropriate

The Court must determine whether default judgment is appropriate under the circumstances by considering the *Lindsey* factors. *Lindsey*, 161 F.3d at 893. Here, Defendant failed to file an answer to Plaintiff's Amended Complaint. (Doc. 9). Thus, there are no material issues of fact. *See Id.* No evidence before the Court indicates either substantial prejudice or that Defendant's failure to respond or appear was the result of "good faith mistake or excusable neglect." *See Id.* Defendant's failure to file any responsive pleadings or otherwise defend the instant lawsuit mitigates the harshness of a default judgment. *See Id.* Finally, the record contains no facts giving rise to good cause to set aside the default judgment if challenged by Defendant. *See Lindsey*, 161 F.3d at 893. Thus, the Court finds that the *Lindsey* factors weigh in

favor of entry of default judgment in favor of Plaintiff.

### b. Whether Plaintiff's Complaint Establishes a Viable Claim for Relief

The Court must also assess the merits of Plaintiff's claims to determine whether Plaintiff's Amended Complaint establishes a viable claim for relief. *Hamdan v. Tiger Bros. Food Mart, Inc.*, No. CV 15-00412, 2016 WL 1192679, ay *2 (M.D. La. Mar. 22, 2016).

Plaintiff brings claims under the "Baton Rouge Sheet Metal Workers' Pension Plan" (Doc. 21) and 29 U.S.C. § 1132(a)(3).[2] Section 9.01 provides that "monthly benefits shall continue to the Spouse of the Retiree, provided the Spouse survived the Retiree, and shall continue to be paid monthly during the lifetime of the Spouse, terminating with the payment preceding the Spouse's Death." (Doc. 21, p. 5).

Plaintiff paid benefits to Warren L. Gautreau until his death in September 1993. (Doc. 9 ¶ 6). Thereafter, Plaintiff paid benefits to Annabelle Elizabeth Gautreau to a bank account a J.P. Morgan Chase Bank, N.A. ending in 36765. (Doc. 9 ¶ 8). Annabelle Gautreau died in April 2008; however, as noted payments to the bank account continued until March 2020. (Doc. 9 ¶ 13). Defendant became the owner of the account ending in 36765 and converted to her own use $58,577.76. Defendant never informed Plaintiff of Annabelle Gautreau's death and she obtained money to which she was not entitled under the Plan. Thus, the uncontroverted facts show that

---

[2] Under 29 U.S.C. § 1132(a)(3), a civil action may be brought by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

Plaintiff has established a reliable claim for relief.

### c. Damages

A defaulting defendant "concedes the truth of the allegations of the Complaint concerning defendant's liability, but not damages." *Ins. Co. of the W. v. H & G Contractors, Inc.*, 2011 WL 4738197, *4 (S.D. Tex., Oct. 5, 2011). A court's award of damages in a default judgment must be determined after a hearing, unless the amount claimed can be demonstrated "by detailed affidavits establishing the necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). If a court can mathematically calculate the amount of damages based on the pleadings and supporting documents, a hearing is unnecessary. *Joe Hand Promotions, Inc. v. Alima*, No. 3:13–CV–0889–B, 2014 WL 1632158, at *3 (N.D. Tex. Apr. 22, 2014) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

Here, Plaintiff asserts damages of $58,577.76. The Plan provides that the surviving spouse of the Retiree will be paid 50% of the monthly benefits the Retiree was entitled to until the spouse's death. (Doc. 21, p. 5). Warren Gautreau was entitled to $813.58 monthly, thus upon his death Annabelle Gautreau was entitled to $406.79 monthly. (Doc. 21, p. 3). Annabelle Gautreau died in April 2008. Yet, because Plaintiff was not notified of her death, the surviving spouse benefit payments continued to be paid through March 2020. Thus, 143 payments were made after Annabelle Gautreau's death, totaling $58,577.76 in payments.

### d. Pre-judgment Interest

Plaintiff also seeks prejudgment interest in the amount of $35,509.00 in lost

investment income based on calculation of the "actual, annual rate of return the Fund received on its investments during the years in question." (Doc. 21, p. 5). "An award of prejudgment interest is permissible (1) if the federal statute creating the cause of action does not preclude such interest, and (2) if an award of prejudgment interest would further the policies underlying the statute. *See, Carpenters Dist. Council v. Dillard Dep't Stores, Inc.*, 15 F.3d 1275, 1288 (5th Cir.1994); *Transitional Learning Community v. Metropolitan Life Ins. Co.*, 913 F.Supp. 504, 508 (S.D.Tex.1996).

When these two criteria are met, the court has discretion to award prejudgment interest. *See Carpenters*, 15 F.3d at 1288 (citing *Calderon v. Presidio Valley Farmers Ass'n*, 863 F.2d 384, 392 (5th Cir.1989))." "The award of prejudgment interest 'is based on the equitable grounds that an injured party should be made whole.'" *Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1330 (5th Cir.1994).

In the context of ERISA, awards of prejudgment interest are justified as furthering the congressional policies embodied in the act. *Tesch v. Prudential Ins. Co. of Am.*, 829 F. Supp. 2d 483, 502 (W.D. La. 2011). Plaintiff was denied the opportunity to invest the funds in question to inure to the benefit of other beneficiaries of the fund. The Court will thus exercise its discretion in Plaintiff's favor and award interest on the benefits that were fraudulently received by Defendant.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 21) is **GRANTED IN PART**.

7

**IT IS FURTHER ORDERED** that Defendant Ann E. Paul is liable to Plaintiff for a total amount of $58,577.76, together with pre-judgment interest thereon in an amount of $35,509.00 (calculated on the basis of the actual, annual rates of return the Fund received on its investments during the years in question, sustained by the Fund as a result of the wrongful taking of the payments at issue herein).

**IT IS FURTHER ORDERED** that to the extent that Plaintiff requests attorney's fees and costs, the request is **DENIED WITHOUT PREJUDICE**. Plaintiff may file a separate motion seeking attorney's fees and associated costs in conformity with the requirements of Federal Rule of Civil Procedure 54(d).

Baton Rouge, Louisiana, this 24th day of May, 2022

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA